IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PAUL EDWARD PARNELL,

    Petitioner,

v.

RICHARD IVES,

    Respondent.

Case No. 3:17-cv-01259-HZ

OPINION AND ORDER

    Paul Edward Parnell
    70814-097
    FCI-Sheridan
    PO Box 5000
    Sheridan, OR 97378

        Petitioner, *Pro Se*

    Billy J. Williams
    United States Attorney
    Jared Hager, Assistant United States Attorney
    1000 SW Third Avenue, Suite 600
    Portland, OR 97204-2902

        Attorneys for Respondent

1 - OPINION AND ORDER

HERNANDEZ, District Judge.

Petitioner brings this habeas corpus case pursuant to 28 U.S.C. § 2241 challenging the denial of his bail request as well as the Bureau of Prisons' ("BOP's") computation of his federal sentence. For the reasons that follow, the Amended Petition for Writ of Habeas Corpus (#5) is denied.

## BACKGROUND

Petitioner is an inmate at FCI-Sheridan serving a 72-month federal sentence. He was initially arrested in Texas on January 3, 2013 for Possession of a Controlled Substance. That case was ultimately dismissed on March 25, 2013. Due to an outstanding warrant from California for Possession of Stolen Property, authorities continued to hold Petitioner in custody and transferred him to California law enforcement personnel on April 9, 2013. On July 30, 2013, a California state court sentenced him to 44 months on the stolen property charge.

California authorities released Petitioner from his 44-month sentence on October 16, 2013, at which time he began to serve his 72-month federal sentence. Petitioner alleges that the Bureau of Prisons ("BOP") refuses to provide him credit for the time he served in state custody in California between January 3, 2013 and July 30, 2013. He also asserts that he was held without bail in violation of his right to due process of law.

2 - OPINION AND ORDER

Respondent asks the Court to deny relief on the Amended Petition because: (1) Petitioner failed to exhaust his administrative remedies; (2) the bail challenge is now moot; and (3) Petitioner's time in custody in California during 2013 was credited against his state-law sentence and therefore cannot be credited toward his federal sentence. Although Petitioner's supporting memorandum was due on February 5, 2018, Petitioner has not filed his memorandum nor has he communicated with the Court since consenting to U.S. Magistrate Judge jurisdiction on November 28, 2017.

## DISCUSSION

### I. Exhaustion of Administrative Remedies

"In order to seek habeas relief under section 2241 . . . a petitioner must first, 'as a prudential matter,' exhaust his or her available administrative remedies." *Singh v. Napolitano,* 649 F.3d 899, 900 (9th Cir. 2010) (per curiam). Requiring a petitioner to exhaust his administrative remedies aids "judicial review by allowing the appropriate development of a factual record in an expert forum." *Ruviwat v. Smith*, 701 F.2d 844, 845 (9th Cir. 1983). Use of available administrative remedies conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level." *Id.* Moreover, it allows "the administrative agency an

3 - OPINION AND ORDER

opportunity to correct errors occurring in the course of administrative proceedings." *Id; United Farm Workers v. Arizona Agric. Employ. Relations Bd.*, 669 F.2d 1249, 1253 (9th Cir. 1982).

"Exhaustion of administrative remedies is not required where the remedies are inadequate, inefficacious, or futile, where pursuit of them would irreparably injure the plaintiff, or where the administrative proceedings themselves are void." *United Farm Workers*, 669 F.2d at 1253 (citation omitted); *see also Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 925 (9th Cir. 1993) (exhaustion waived where request for administrative remedy initially denied by Community Corrections Office based upon official B.O.P. policy and further appeal would almost certainly have been denied based upon the same policy). Courts should not, however, relax the exhaustion requirement where it "would encourage the deliberate bypass of the administrative scheme." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004).

The BOP employs a multi-tiered administrative remedy program. An inmate first must attempt to resolve his issue informally through a BP-8. If he is unable to effectively resolve the issue, he may proceed to escalate his appeals in the following order: (1) the Warden of his prison (BP-9); (2) the

4 - OPINION AND ORDER

Regional Director of the BOP (BP-10); and (3) the General Counsel in the BOP's Central Office (BP-11). Declaration of Jennifer Vickers (#10), p. 2. Only upon the completion of these levels of review is an inmate deemed to have exhausted his administrative remedies.

As applied to Petitioner's case, it is apparent that Petitioner filed two administrative appeals, both of which pertained the amount of credit he received for time he spent in California custody. Specifically, it appears that after unsuccessfully seeking informal resolution through the BP-8 process, he appealed to the Warden of FCI-Sheridan (BP-9) as well as the Regional Director (BP-10). *Id* at 2-3. He did not, however, seek further review in the General Counsel's Office (BP-11). Where he did not complete that administrative review process as to the computation of his sentence, and where he did not attempt any administrative review of his bail issue at any level, he failed to exhaust his administrative remedies.

## II. **The Merits**

Even assuming Petitioner had properly exhausted his administrative remedies as to his claims, he would not be entitled to habeas corpus relief. His bail challenge is now moot where he was convicted and sentenced years ago. *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (per curiam) (conviction serves to moot

5 - OPINION AND ORDER

bail challenge). As to his sentence computation claim, Petitioner received credit for the time he served in California state custody from January 3, 2013 until July 30, 2013 toward the satisfaction of his California conviction. Vickers Declaration, Att. 3, p. 2. As a result, he is not eligible for that time to also be credited toward his federal sentence. *See* 18 U.S.C. § 3585(b) (a defendant only receives credit for time served if that time "has not been credited against another sentence"). Relief on the Amended Petition is therefore denied.

## CONCLUSION

For the reasons identified above, the Amended Petition for Writ of Habeas Corpus (#5) is denied.

IT IS SO ORDERED.

DATED this 2 day of ~~February~~ MARCH, 2018.

Marco Hernandez
Marco A. Hernandez
United States District Judge

6 - OPINION AND ORDER